COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                                    SUPERIOR COURT DEPARTMENT
                                                               OF THE TRIAL COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DAVID A. ALVES                              \*
                         Plaintiff          \*
                                            \*
VS.                                         \*          CIVIL NO.  BRCV2012-00684-A
                                            \*
MASSACHUSETTS STATE POLICE,                 \*
PAUL BAKER, and   WILLIAM                   \*
DONNELLY                                    \*
                                            \*
                         Defendants         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT.

### PARTIES AND JURISDICTION.

1.      This is an action for money damages to redress the deprivation by the defendant of rights

secured to the plaintiff by the constitution and laws of the United States and the State of

Massachusetts.  The defendants, without probable cause, unlawfully detained, searched,

harassed, interrogated, accused, arrested, charged and falsely testified against the plaintiff.

2.      Jurisdiction of this Court is invoked under the provisions of M.G.L. ch. 258  and M.G.L

ch. 212§ 3.

3.      During all times mentioned in this complaint the Plaintiff David A. Alves was and still is

a resident of the United States residing in Taunton, Massachusetts.

4.      At all times mentioned herein, John Kehoe, ("Kehoe") was and is a Postal Inspector of

the United States Postal Service, ("Postal Service").

5.      At all times mentioned herein, the defendant, Paul Baker, ("Baker") was and is a Trooper

with the Massachusetts State Police, a governmental agency which provides police services to

the public throughout the entirety of the Commonwealth of Massachusetts.

6.    At all times mentioned herein, the defendant, William Donnelly, ("Donnelly") was and is a Detective with the Massachusetts State Police, a governmental agency which provides police services to the public throughout the entirety of the Commonwealth of Massachusetts.

7.    During all times mentioned in this complaint, Defendants Paul Baker and William Donnelly, were agents, servants and/or employees of the Defendant Massachusetts State Police and were acting within their official capacity and under color of law.  Defendants Baker and Donnelly are sued in their official and individual capacities.

## COMMON FACTS

8.    On or about January 13, 2011, Inspector Kehoe submitted an application for a search warrant to United States Magistrate Judge David L. Martin of the United States District Court in Rhode Island seeking search a parcel addressed to "John Couture, 443 Weir Street, Taunton MA, 02780" as it was believed to conceal "controlled substance."

9.    United States Magistrate Judge David L. Martin issued an order granting the warrant.

10.    A search of said package revealed that it contained Marijuana, a Class D substance.

11.    On or about January 13, 2011, the Defendant Trooper Paul Baker submitted an application for a warrant to be executed at "44 Weir Street, Taunton, MA" ordering the seizure and search of any person who accepts the above mentioned "package for 443 Weir Street, Taunton, containing Marijuana."

12.    On the face of said warrant, Defendant Baker did not mention that there was more than one unit in said property or that the property had more than one street address.

13.    Michelle Kelley, Assistant Clerk of the Massachusetts District Court for the County of Bristol in the City of Taunton issued a search and seizure warrant as requested by Defendant Baker to be executed at 44 Weir Street.

14.    Said warrant did not authorize the search of the premises at night, the entry of the

premises without authorization, or the search of any person to whom such property may have been delivered.

15.    On or about January 13, 2011, Inspector Kehoe attempted delivery of said package at a building located at 443 Weir Street.

16.    The United States Postal Service Employees knew that the house located at 443 Weir Street had a different street address on one side of the building, namely 2 Forest Street.

17.    Despite the fact Inspector Kehoe's anticipatory warrant allowed him to retrieve the package from 44 Weir Street, not even 443 Weir Street which shared an address with #2 and #4 of 2 Forest Street in Taunton, Massachusetts, Kehoe knocked on the door of Unit #2 of 2 Forest Street and had no response.

18.    Inspector Kehoe then knocked on the door of unit #2 of 2 Forest Street, Taunton, Massachusetts, at which time the door was answered by the Plaintiff.

19.    Inspector Kehoe then asked Plaintiff if he was expecting a package, which Plaintiff stated he was.

20.    Inspector Kehoe then handed Plaintiff a blank US Postal Form No. 3849.

21.    Inspector Plaintiff gave said Form to John Rodriquez who signed said form and returned it to Inspector Kehoe.

22.    Inspector Kehoe then delivered the package which was taken into Unit #4 of 2 Forest Street, Taunton, Massachusetts by Rodriquez and Kehoe.

23.    Plaintiff did not touch said package or sign for the said package.

24.    Plaintiff did not live at Unit #4 of 2 Forest Street, Taunton, Massachusetts.

25.    Defendants, specifically Defendant Donnelly, thereafter effectuated the arrest of the Plaintiff, despite the lack of probable cause to arrest the Plaintiff in that the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy

information were not sufficient to warrant a prudent person in believing that the Plaintiff had committed or was committing an offense.

26.     The Plaintiff was placed under arrest and the Police seized from him two cellular telephones.

27.     The Plaintiff was charged with Possession with intent to Distribute a Class D substance in violation of Massachusetts General Laws ch 94C § 32C(a), Conspiracy to violated the Drug Laws in violation of Massachusetts General Laws ch 94C § 40, and Violating the Provisions of the Drug Laws at or near a Park or School in violation of Massachusetts General Laws ch. 94C § 32J.

28.     From January 13, 2011 until April 13, 2011, the Plaintiff was imprisoned.

29.     On April 13, 2011, the charges against the Plaintiff were dismissed.

30.     On November 9, 2011, the Plaintiff sent a demand to Cornel and Superintendent of the Massachusetts State Police Marian J. McGovern and to Attorney General Martha Coakley a demand for relief.

31.     Neither the Cornel and Superintendent of the State Police nor the Attorney General for the Commonwealth of Massachusetts responded to Plaintiff's written demand.

32.     By and through the actions of its servant Defendant Baker, and other State Troopers present, Lt. Andrade, Sgt. Dolan, Trooper Laliberte, Trooper Spencer, Trooper Serpa, Trooper Thom, and Detective Corr, who were present and assisted in the negligent delivery of the package to the wrong address, the unlawful arrest without probable cause and detention of the Plaintiff and his subsequent prosecution, the Defendant, United States, deprived the plaintiff of his right to be free from negligence, false arrest, abuse of process, and malicious prosecution.

33.     Accordingly, the Plaintiff seeks redress under MGL ch. 258 §§ 1 et seq.,

COUNT TWO:
42 U.S.C. § 1983

34.     The prior allegations in the complaint are hereby realleged and incorporated by reference as if set forth in full.

35.     The Defendant Baker violated 42 U.S.C. § 1983, acting under color of state law, by their individual and concerted acts and/or omission, including, but not limited to those described herein, violated the Plaintiff's due process rights culminating in his false arrest and detention in violation of his Fourth Amendment Rights by:

   a.   deliberately submitting an application for an anticipatory warrants with false statements and/or omissions and/or executing said warrant;

   b.   by executing the authority provided in said warrants at an address different than that authorized on the warrant, namely failing to execute it at 44 Weir Street, if said property exist.

   c.   by deliberately failing to state in said application for the anticipatory warrant that that the property where the package was to be delivered, if properly identified, had numerous units.

   d.   by allowing the US Postal Service to provide a blank US Postal Form No. 3849 to Plaintiff which did not identify the addressee of the package, so that it could be determined whether or not the package was in fact properly addressed to the occupant of #4 Forest Street who signed for it, namely - John Rodriquez.

   e.   by randomly knocking on the premises doors at said 443 Weir Street and said 2 Forest Street, instead of on the door for the property of a tenant with the same last name as that of the person to whom the package was addressed.

   f.   by engaging in other misleading and inappropriate behavior.

COUNT THREE:
42 U.S.C. § 1983

36.     The prior allegations in the complaint are hereby realleged and incorporated by reference as if set forth in full.

37.     The Defendant Donnelly violated 42 U.S.C. § 1983, acting under color of state law, by their individual and concerted acts and/or omission, including, but not limited to those described herein, violated the Plaintiff's due process rights culminating in his false arrest and detention in violation of his Fourth Amendment Rights by:

   a.   deliberately allowing Inspector Kehoe to execute the authority provided in said warrants at an address different than that authorized on the warrant, namely failing to execute it at 44 Weir Street, if said property exist.

   b.   by arresting the Plaintiff despite the fact the US Postal Service provided a blank US Postal Form No. 3849 to Plaintiff which did not identify the addressee of the package, so that it could be determined whether or not the package was in fact properly addressed to the occupant of #4 Forest Street who signed for it, namely - John Rodriquez.

   c.   by arresting the Plaintiff despite the fact Inspector Kehoe randomly knocked  on the premises doors at said 443 Weir Street and said 2 Forest Street, instead of on the door for the property of a tenant with the same last name as that of the person to whom the package was addressed and then arrested the first person who signed for a package when that person was not even the Plaintiff and the Plaintiff did not touch said package.

   d.   by engaging in other misleading and inappropriate behavior.

COUNT FOUR

38.     The prior allegations in the complaint are hereby realleged and incorporated by reference as if set forth in full.

39.    At all times relevant hereto, Defendants Baker and Donnelly, and the other Massachusetts State Police Officers present as police officers of the Massachusetts State Police Department, were acting under the direction and control of the Commonwealth of Massachusetts which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and Defendant Baker and Donnelly and their fellow officers were acting pursuant to either official policy or the practice, custom, and usage of the Massachusetts State Police.

40.    Acting under color or law, by and through the policy makers of the State and pursuant to official policy or custom and practice, the State Police intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the Commonwealth of Massachusetts, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendant Baker and his fellow officers in the performance of their duties to refrain from:

    a.    Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and Laws of the United States and the Laws of the Commonwealth of Massachusetts; and Otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

41.    The Defendant Massachusetts State Police had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed.

42.    Defendant, the Massachusetts State Police, had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally,

knowingly, or with deliberate indifference to the rights of the inhabitants of the city failed or refused to do so.

43.     Defendant, Massachusetts State Police, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Baker, and the other Massachusetts State Police Officers heretofore described. Defendant, Massachusetts State Police, had actual notice of previous problems and complaints concerning the narcotics division yet failed to take corrective action.

44.     In the alternative, the individual Defendants were plainly incompetent and accordingly negligently violated the law with respect to their actions causing the arrest and prosecution of Plaintiff.

45.     The Defendant, Massachusetts State Police, is liable for the negligent actions of its agents, servants or employees while acting in the scope of their lawful duties.

46.     On November 9, 2011, the plaintiff submitted a notice of claim to the Cornel and Superintendent of the Massachusetts State Police which was copied and sent to the Massachusetts Attorney General for exhaustion pursuant to Massachusetts General Laws ch 258 § 4.

47.     Plaintiff received no response.

WHEREFORE, in light of all of the foregoing, the plaintiff claims judgment against the defendants and co-defendants jointly and severely as follows:

   A.  For each violation of a right guaranteed to Plaintiff as set forth above, Plaintiff
       sues each Individual Defendant for a sum not less than $75,000.00.
       Plaintiff sues the Massachusetts State Police for a sum not less than $75,000.00
       for its actions and its express failure to prevent the acts complained of

herein, and for acquiescing in the same

B. As a direct result of the acts as described above, Plaintiff has suffered severe emotional distress and trauma, mental pain and suffering, and will continue to suffer the same in the future.

C. Plaintiff sustained permanent damage to his reputation as a result of his wrongful arrest.

D. Plaintiff would show that the conduct in this matter by Defendants was so egregious, intentional, and wanton that punitive damages should be awarded by the trier of fact. Plaintiff also sues each of the individual Defendants for punitive damages.

E. Plaintiff demands an award of reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §1988.

F. Plaintiff seeks such other and further relief, general and special, legal and equitable, to which he may show himself to be justly entitled.

G. Plaintiff demands trial by jury.

H. Plaintiff requests costs of court.

I. Plaintiff requests prejudgment interest.

J. Plaintiff requests post-judgment interest

**WHEREFORE,** Plaintiff prays that Defendants answer this Complaint, and that this matter be placed upon the Court's civil jury docket, and that Plaintiff obtain all relief under the law to which he is entitled, including an award of compensatory and punitive damages, court costs, and attorney's fees.

Plaintiff,
David A. Alves
By his attorney,

Sonja L. Deyoe, Esq.   BBO#: 665991
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (fax)